**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-2776

ROBERTO SAAVEDRA SANTOS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA-1: A206-033-440)
Immigration Judge: Lisa de Cardona

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 23, 2021

Before: AMBRO, RESTREPO, Circuit Judges, and NOREIKA,* District Judge

(Opinion Filed May 12, 2021)

OPINION**

---

* The Honorable Maryellen Noreika, United States District Judge for the District of
Delaware, sitting by designation.
** This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

NOREIKA, <u>District Judge</u>

Petitioner Roberto Saavedra Santos seeks review of a final order of removal issued by the Board of Immigration Appeals denying his application for cancellation of removal. For the following reasons, the petition will be dismissed for lack of jurisdiction.

I.

Saavedra is a native and citizen of Mexico who entered the United States without admission by an immigration officer in October 2002.  He asserts that he has not left the United States since then, A.R. 279, and that he has no relatives remaining in Mexico, A.R. 176.  Saavedra's wife is also a native and citizen of Mexico who has no legal status in the United States.  Saavedra has two U.S. citizen children: a stepson born in 2007 and a biological son born in 2014.  He is the primary, if not sole, source of income for his household and is the only father figure for his stepson, whose biological father is dead. A.R. 173–74, 279–80.

A.     Proceedings Before the Immigration Court

On October 31, 2013, the Department of Homeland Security initiated removal proceedings by serving Saavedra with a Notice to Appear ("NTA") which alleged that he violated the Immigration and Nationality Act by entering the United States without admission or parole.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  In a hearing on December 17, 2013, Saavedra, represented by counsel, admitted the factual allegations in the NTA and conceded his removability.  A.R. 63–64.  In 2016 after a series of continuances, he came represented by new counsel and applied for cancellation of removal on the ground that his removal would cause "exceptional and extremely unusual hardship" to his children.

2

A.R. 107–09, 222, 486–96; *see* 8 U.S.C. § 1229b(b)(1)(D). In the alternative, Saavedra sought a discretionary grant of voluntary departure. *See* 8 U.S.C. § 1229c(a).

In May 2017, the Immigration Judge held a merits hearing on Saavedra's cancellation application, at which he and his sister testified. Saavedra testified that his stepson's biological father had hanged himself when the stepson was between three and four years old, approximately one year before Saavedra moved in with his wife and stepson. He further testified that he was the only source of financial support for his wife and children and that they would face financial and emotional hardship if he were removed to Mexico.

In a written decision issued on August 7, 2018, the Immigration Judge denied Saavedra's application for cancellation of removal but granted his request for voluntary departure. She found that Saavedra had established the requisite good moral character and that the testimony given by him and his sister was credible but concluded that his children would not suffer "exceptional and extremely unusual hardship" if Saavedra were removed to Mexico. The Immigration Judge acknowledged that both children would "suffer considerable hardship from the loss of their father's financial support and male companionship and guidance" and that it was "unfortunate" that Saavedra's stepson might have to undergo another separation from a parent after the death of his biological father. She found, however, that there was "no evidence, such as a psychological report, to show the degree of trauma that the separation from the respondent would cause [the stepson]" and that the emotional and financial hardships presented would not be "'substantially beyond' what would ordinarily result from removal." A.R. 58.

3

Because the Immigration Judge found that Saavedra had failed to meet his burden of proving "exceptional and extremely unusual hardship," she did not reach the issue of whether he had established ten years of continuous physical presence in the United States.

### B. Proceedings Before the Board of Immigration Appeals

Saavedra appealed the Immigration Judge's decision to the Board on August 30, 2018. On August 4, 2020, the Board dismissed the appeal, finding that the Immigration Judge correctly concluded that Saavedra had not demonstrated that his children would suffer "exceptional and extremely unusual hardship." A.R. 4. This petition for review followed.

### II.

Saavedra seeks review of the Board's dismissal of his appeal and asks this Court to grant his application for cancellation of removal. The Government contends that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this Court lacks jurisdiction over a discretionary denial of cancellation of removal such as this one.

Saavedra applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). To prevail on that application, he had to establish, *inter alia*, that his removal would result in "exceptional and extremely unusual hardship to [a qualifying relative]." 8 U.S.C. § 1229b(b)(1)(D). He argues that an immigration judge's findings on statutory criteria such as "exceptional and extremely unusual hardship" are not necessarily discretionary decisions. This argument, however, runs counter to the interpretation of 8 U.S.C. § 1252(a)(2)(B)(i) set out in *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176 (3d Cir. 2003).

4

Section § 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [§ 1229b]." This Court has interpreted that statutory language as foreclosing review of discretionary decisions and has held that "[t]he determination of whether the alien has established the requisite hardship [under § 1229b] is a quintessential discretionary judgment." *Mendez-Moranchel*, 338 F.3d at 179. And although we retain jurisdiction to consider "constitutional claims or questions of law," Petitioner's claims amount to neither. *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, (3d Cir. 2020); 8 U.S.C. § 1252(a)(2)(D). Thus, we lack jurisdiction to review the Board's determination that Saavedra had not demonstrated "exceptional and extremely unusual hardship," and the petition for review will be dismissed.